# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 13, 2002 Session

## GREGORY FULLER v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 99-B-1498    Cheryl Blackburn, Judge

---

### No. M2001-01271-CCA-R3-PC - Filed August 14, 2002

---

The petitioner, Gregory Fuller, appeals from the Davidson County Criminal Court's denial of his petition for post-conviction relief from his felony cocaine possession conviction and resulting fifteen-year sentence. He contends that the trial court erred in denying relief, claiming that (1) he received the ineffective assistance of counsel and (2) the trial court erred in denying his motion for a continuance. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Gregory Fuller.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to cocaine that was found in the petitioner's apartment. The petitioner pled guilty to possession of three hundred grams or more of cocaine with intent to distribute, a Class A felony. The state presented the facts at the guilty plea hearing. On April 14, 1999, the petitioner's apartment complex manager and a maintenance man went to the petitioner's apartment to inspect the floor in the kitchen. The petitioner had complained to the manager that some recently replaced tile had not been installed properly. While inspecting the floor, the manager and the maintenance man found cocaine hidden in a space at the base of the kitchen cabinets. They took two bags of cocaine from the apartment and gave them to a police officer, who was working as a security guard for the apartment complex. The two bags contained nine hundred sixty-six grams of cocaine. Pursuant to a search warrant, the police searched the petitioner's apartment and found scales, beakers, a bullet proof vest, and a weapon. On December 13, 1999, the petitioner pled guilty to possession of three hundred grams or more of cocaine with intent to distribute.

At the hearing for post-conviction relief, the petitioner testified that he told his trial attorney to file a motion to suppress the evidence that was found in his apartment. He said he did not remember his attorney giving an opinion as to whether the trial court would grant the motion. He said that on the morning of the motion hearing, his trial attorney talked to him about a plea offer from the state. He said his attorney led him to believe that if he did not accept the state's offer, he could serve sixty years in prison. He said that his attorney did not tell him the status of his motion to suppress and that he did not ask his attorney about it. He said that when his trial attorney came to him that morning and immediately started talking about a plea agreement, he thought the trial court had ruled on and denied his motion to suppress. He said he did not know the trial court was required to hold a hearing before it could rule on his motion.

The petitioner testified that his trial attorney did not tell him that he could plead guilty and reserve a certified question of law regarding the admissibility of evidence that was found in his apartment. He acknowledged that during his guilty plea hearing, the trial court asked him questions. However, he said he did not understand what the trial court meant when it asked him, "Do you also understand as part of this plea of guilty you are going to be waiving any issues with regard to your motion to suppress?" The petitioner acknowledged that his trial attorney hired a private investigator for his case. However, he said that the investigator did not interview all of the important witnesses in the case and that the investigator should have interviewed the floor tile installers because they originally found the cocaine in his apartment.

On cross-examination, the petitioner acknowledged talking to his mother and stepfather before accepting the state's offer. He denied knowing the state's offer required him to waive the suppression hearing. He acknowledged that he decided to accept the state's offer because he thought it was the best thing to do under the circumstances. He said that his trial attorney told him to say yes to all of the trial court's questions at the guilty plea hearing. He acknowledged, though, saying no to some of the questions, and he said that he was under pressure when he answered the trial court's questions. He said that although he was innocent, he agreed to plead guilty because he was facing sixty years in prison.

The petitioner's trial attorney testified that he had been licensed to practice law since 1980 and that most of his practice involved criminal defense work. He said he had represented many defendants who had been charged with possession of a controlled substance. He said he met with the petitioner in jail and told him that the only issue in the case would be the legality of the manager's search of the apartment. He said he told the petitioner that he would file a motion to suppress the evidence on the basis that the manager was acting as the police officer/security guard's state agent when she found the drugs. He said he told the petitioner that the trial court would deny the motion unless the defense could show that the manager was acting for the state.

The attorney testified that he investigated the case and filed a motion to suppress. He said he also filed a memorandum of law in support of the motion. He said that he and the petitioner spent many hours going over the facts of the petitioner's case and that the petitioner telephoned him regularly. He said that he hired a private investigator and that the investigator did a fine job. He said the results of the investigation showed that the apartment manager and the maintenance man

found the drugs in the apartment and that no state action was involved in their discovery of the cocaine. He said that because the floor tile installers did not find the drugs, he did not think the investigator needed to interview them.

The attorney testified that on the morning of the petitioner's suppression hearing, the state approached him with a plea offer. He said the state offered to let the petitioner plead guilty in return for a fifteen-year sentence as a Range I, standard offender. He said the state's offer was conditional on the petitioner agreeing not to go forward with the suppression hearing. He said that the petitioner had a prior criminal history and that without the plea, the trial court would have sentenced the petitioner to at least twenty years in confinement.

The attorney testified that he discussed the state's offer with the petitioner and the petitioner's parents from 9:30 a.m. until noon. He said he never told the petitioner that the petitioner would be facing sixty years in prison if he did not plead guilty. He said he told the petitioner that if the trial court denied the motion to suppress, the petitioner would be facing more than twenty years in prison. He said that during the guilty plea hearing, he never got the impression that the petitioner did not understand what was happening. He said the petitioner was smart and had been through the court system before. He said the state would not agree to let the petitioner plead guilty and reserve a certified question of law to be reviewed on appeal.

On cross-examination, the attorney testified that he and the petitioner had a cordial, warm relationship. He said he did not mention reserving a certified question of law to the petitioner because the state would not agree to it. He said he never told the petitioner that if the petitioner accepted the state's offer, then he could expect to serve only eighteen months of a fifteen-year sentence.

On rebuttal, the petitioner testified that his trial attorney told him that some of the attorney's clients had gotten out of prison in eighteen months. He said he did not recall his attorney telling him that the trial court was going to deny the motion to suppress.

The state introduced into evidence a transcript of the petitioner's guilty plea hearing. In the hearing, the following exchange occurred:

> THE COURT: All right, Mr. Fuller, you have just been sworn to tell the truth. I want to make certain -- you may put your hand down.
>
> I want to make certain that you understand that any questions that I ask you today, you must answer me truthfully, and if you do not do so, you could subject yourself to perjury charges in the future; do you understand that?
>
> MR. FULLER: Yes, ma'am.

THE COURT: All right. Now we are recording this so anything I ask you, you need to speak loudly because we will have a record of it in case we ever need it in the future.

It also means that if you are confused about anything I ask you or if that is not the agreement, please feel free to ask [your trial attorney] to explain it to you, or ask me to explain it.

Now you are here today for a Motion to Suppress in your case, but instead, I have here a petition that appears to be signed by you today, indicating you want to enter a plea of guilty; is that correct?

MR. FULLER: Yes, ma'am.

THE COURT: Okay. Do you also understand that as part of this plea of guilty, you are going to be waiving any issues with regard to your Motion to Suppress; that is, those will now become moot as a result of this plea; do you understand that?

MR. FULLER: Yes, ma'am.

The trial court accredited the trial attorney's testimony and found that he thoroughly investigated the petitioner's case. It also found that the petitioner's trial attorney explained the state's plea offer to him and told him that the offer was conditional on his forgoing the motion to suppress. Finally, the trial court found that when the petitioner pled guilty, he knew the trial court had not ruled on the motion. The trial court held that the petitioner did not receive the ineffective assistance of counsel.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner claims that he received the ineffective assistance of counsel because his trial attorney did not tell him before he pled guilty that the trial court had not ruled on his motion to suppress evidence. He claims that the only reason he accepted the state's plea offer was because he thought the trial court had denied his motion. The state claims that the petitioner received the effective assistance of counsel. We agree with the state.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would

not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

In a post-conviction case, the burden is on the petitioner to prove by clear and convincing evidence his grounds for relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). We review the trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--under a purely de novo standard. Id. at 457.

In the present case, the trial court found that the petitioner's trial attorney represented him effectively, stating that the attorney told the petitioner before the guilty plea hearing that the plea was conditional on the petitioner waiving a determination on the motion to suppress. Furthermore, the transcript of the guilty plea hearing shows that the trial court told the petitioner that by pleading guilty, he was waiving any issues regarding the motion. The petitioner testified at the post-conviction hearing that he discussed the state's plea offer with his parents and that he accepted the state's offer because he thought it was the best thing to do under the circumstances. The petitioner has failed to demonstrate that he received the ineffective assistance of counsel.

## II. MOTION FOR CONTINUANCE

The petitioner also claims that the trial court erred by denying his motion for a continuance. The state claims that the trial court properly denied the petitioner's motion. We agree with the state.

Immediately before the hearing for post-conviction relief, the petitioner orally requested a continuance. He stated that he needed additional time to interview the floor tile installers, who, he claimed, would support his argument that the apartment complex manager illegally searched his apartment. The trial court questioned the timeliness of the request and chose to hear the witnesses who were present, indicating that further hearing could occur if it appeared necessary. At the close of proof, the trial court stated that no evidence indicated that the floor tile installers found the drugs in the petitioner's apartment or could have offered information that would have helped the petitioner's case.

The decision whether to grant a continuance rests within the discretion of the trial court. State v. Morgan, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991). The denial of a continuance will not be disturbed "unless it appears upon the face of the record that (a) the trial judge has abused his discretion and (b) prejudice enured to the accused as a direct result of the trial judge's ruling." State v. Dykes, 803 S.W.2d 250, 257 (Tenn. Crim. App. 1990).

The petitioner has failed to show that he has been prejudiced by the trial court's denial of a continuance. The petitioner proffered no evidence that the floor tile installers found the drugs or could have offered material proof in this case. The trial court accredited the trial attorney's testimony that the apartment complex manager, not the floor tile installers, found the cocaine in the petitioner's apartment. We conclude that the trial court acted within its discretion by denying the motion for a continuance.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE